| | |
|---|---|
| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
| COUNTY OF CHARLESTON    MAR 16 REC'D | |
| A.B. Holling Construction, Inc., | CIVIL ACTION COVERSHEET |
| Plaintiff(s) | 2018-CP- 10 - 1750 |
| vs. | |
| Sapelo Creative Insurance Solutions, LLC, | |
| Defendant(s) | |

| | |
|---|---|
| Submitted By: Christopher M. Ramsey | SC Bar #: 75323 |
| Address: | Telephone #: (843) 571-2525 |
| 2236 Ashley Crossing Drive | Fax #: (843) 571-7050 |
| Charleston, SC 29414 | Other: |
| | E-mail: cramsey@bosticlaw.com |

NOTE: The coversheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing. It must be filed out completely, signed, and dated. A copy of this coversheet must be served on the defendant(s) along with the Summons and Complaint.

## DOCKETING INFORMATION (Check all that apply)
*If Action is Judgment/Settlement do not complete*

- [x] **JURY TRIAL** demanded in complaint.       ☐ **NON-JURY TRIAL** demanded in complaint.
- ☐ This case is subject to **ARBITRATION** pursuant to the Court Annexed Alternative Dispute Resolution Rules.
- [x] This case is subject to **MEDIATION** pursuant to the Court Annexed Alternative Dispute Resolution Rules.
- ☐ This case is exempt from ADR. (Proof of ADR/Exemption Attached)

## NATURE OF ACTION (Check One Box Below)

| Contracts | Torts - Professional Malpractice | Torts – Personal Injury | Real Property |
|---|---|---|---|
| ☐ Constructions (100) | ☐ Dental Malpractice (200) | ☐ Conversion (310) | ☐ Claim & Delivery (400) |
| ☐ Debt Collection (110) | ☐ Legal Malpractice (210) | ☐ Motor Vehicle Accident (320) | ☐ Condemnation (410) |
| ☐ General (130) | ☐ Medical Malpractice (220) | ☐ Premises Liability (330) | ☐ Foreclosure (420) |
| [x] Breach of Contract (140) | Previous Notice of Intent Case # | ☐ Products Liability (340) | ☐ Mechanic's Lien (430) |
| ☐ Fraud/Bad Faith (150) | 20___-NI-___ | ☐ Personal Injury (350) | ☐ Partition (440) |
| ☐ Failure to Deliver/ Warranty (160) | ☐ Notice/ File Med Mal (230) | ☐ Wrongful Death (360) | ☐ Possession (450) |
| ☐ Employment Discrim (170) | ☐ Other (299) ____ | ☐ Assault/Battery (370) | ☐ Building Code Violation (460) |
| ☐ Employment (180) | | ☐ Slander/Libel (380) | ☐ Other (499) |
| ☐ Other (199) ____ | | ☐ Other (399) ____ | |

| Inmate Petitions | Administrative Law/Relief | Judgments/Settlements | Appeals |
|---|---|---|---|
| ☐ PCR (500) | ☐ Reinstate Drv. License (800) | ☐ Death Settlement (700) | ☐ Arbitration (900) |
| ☐ Mandamus (520) | ☐ Judicial Review (810) | ☐ Foreign Judgment (710) | ☐ Magistrate-Civil (910) |
| ☐ Habeas Corpus (530) | ☐ Relief (820) | ☐ Magistrate's Judgment (720) | ☐ Magistrate-Criminal (920) |
| ☐ Other (599) | ☐ Permanent Injunction (830) | ☐ Minor Settlement (730) | ☐ Municipal (930) |
| | ☐ Forfeiture-Petition (840) | ☐ Transcript Judgment (740) | ☐ Probate Court (940) |
| | ☐ Forfeiture—Consent Order (850) | ☐ Lis Pendens (750) | ☐ SCDOT (950) |
| | ☐ Other (899) | ☐ Transfer of Structured Settlement Payment Rights Application (760) | ☐ Worker's Comp (960) |
| | | | ☐ Zoning Board (970) |
| | | | ☐ Public Service Comm. (990) |
| | Special/Complex /Other | ☐ Confession of Judgment (770) | ☐ Employment Security Comm (991) |
| ☐ Environmental (600) | ☐ Pharmaceuticals (630) | ☐ Petition for Workers Compensation Settlement Approval (780) | |
| ☐ Automobile Arb. (610) | ☐ Unfair Trade Practices (640) | | ☐ Other (999) |
| ☐ Medical (620) | ☐ Out-of State Depositions (650) | ☐ Other (799) ____ | |
| ☐ Other (699) ____ | ☐ Motion to Quash Subpoena in an Out-of-County Action (660) | | |
| ☐ Sexual Predator (510) | ☐ Pre-Suit Discovery (670) | | |
| ☐ Permanent Restraining Order (680) | | | |

**Submitting Party Signature:** /s/ Chris Ramsey      **Date:** March 6, 2018

SCCA / 234 (03/2016)                                    Page 1 of 2

**Note:** Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code Ann. §15-36-10 et. seq.

**Effective January 1, 2016,** Alternative Dispute Resolution (ADR) is mandatory in all counties, pursuant to Supreme Court Order dated November 12, 2015.

SUPREME COURT RULES REQUIRE THE SUBMISSION OF ALL CIVIL CASES TO AN ALTERNATIVE DISPUTE RESOLUTION PROCESS, UNLESS OTHERWISE EXEMPT.

**Pursuant to the ADR Rules, you are required to take the following action(s):**

1. The parties shall select a neutral and file a "Proof of ADR" form on or by the 210th day of the filing of this action. If the parties have not selected a neutral within 210 days, the Clerk of Court shall then appoint a primary and secondary mediator from the current roster on a rotating basis from among those mediators agreeing to accept cases in the county in which the action has been filed.

2. The initial ADR conference must be held within 300 days after the filing of the action.

3. Pre-suit medical malpractice mediations required by S.C. Code §15-79-125 shall be held not later than 120 days after all defendants are served with the "Notice of Intent to File Suit" or as the court directs.

4. Cases are exempt from ADR only upon the following grounds:

    a. Special proceeding, or actions seeking extraordinary relief such as mandamus, habeas corpus, or prohibition;

    b. Requests for temporary relief;

    c. Appeals

    d. Post Conviction relief matters;

    e. Contempt of Court proceedings;

    f. Forfeiture proceedings brought by governmental entities;

    g. Mortgage foreclosures; and

    h. Cases that have been previously subjected to an ADR conference, unless otherwise required by Rule 3 or by statute.

5. In cases not subject to ADR, the Chief Judge for Administrative Purposes, upon the motion of the court or of any party, may order a case to mediation.

6. Motion of a party to be exempt from payment of neutral fees due to indigency should be filed with the Court within ten (10) days after the ADR conference has been concluded.

**Please Note:**    **You must comply with the Supreme Court Rules regarding ADR.
Failure to do so may affect your case or may result in sanctions.**

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | FOR THE NINTH JUDICIAL CIRCUIT |
| COUNTY OF CHARLESTON ) | Civil Action No. **2018 CP 10 0 1250** |
| ) | |
| A.B. Holling Construction, Inc., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **Summons** |
| ) | |
| Sapelo Creative Insurance Solutions, LLC, ) | |
| ) | |
| Defendant. ) | |

FILED 2018 MAR -8 PM 4:02 JULIE J. ARMSTRONG CLERK OF COURT

TO: DEFENDANT AND ITS COUNSEL

YOU ARE HEREBY SUMMONED and required to answer the Complaint herein, a copy of which is herewith served upon you, and to serve a copy of your Answer to said Complaint upon the subscriber, at 2236 Ashley Crossing Drive, Charleston, SC 29414, within thirty (30) days after the service hereof, exclusive of the day of service; and if you fail to answer the said Complaint within the time aforesaid, the Plaintiff will apply to the Court for the relief demanded in the Complaint, and judgment by default may be entered against you.

THE BOSTIC LAW GROUP, P.A.

_/s/ Chris Ramsey_
Christopher M. Ramsey
2236 Ashley Crossing Drive
Charleston, South Carolina 29414
(843) 571-2525
Fax: (843) 571-7050
cramsey@bosticlaw.com
*Attorneys for Plaintiff*

March 6, 2018

Charleston, South Carolina

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | FOR THE NINTH JUDICIAL CIRCUIT |
| COUNTY OF CHARLESTON ) | |
| ) | Civil Action No. _____ |
| A.B. Holling Construction, Inc., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **Complaint** |
| ) | |
| Sapelo Creative Insurance Solutions, LLC, ) | |
| ) | |
| Defendant. ) | |

*FILED 2018 MAR -8 PM 4:02 JULIE J. ARMSTRONG CLERK OF COURT*

NOW COMES A.B. Holling Construction, Inc. ("Holling"), Plaintiff in the above-referenced action, and submits its Complaint against Defendant Sapelo Creative Insurance Solutions, LLC ("Sapelo") as follows:

1. Holling is a construction company with its principal place of business located in Charleston County.

2. Sapelo is an insurance agency with its principal place of business located at 37 W. Fairmont Avenue, Building 100, Savannah, Georgia 31406.

3. At all times relevant herein, Sapelo acted as agent for Holling in procuring insurance coverage for Holling's business, including worker's compensation coverage.

4. Venue and jurisdiction are proper in this Court.

5. About 4 years ago, Holling first began purchasing policies of insurance through Sapelo with coverages including Commercial General Liability, Automobile Liability, Umbrella Liability, and Workers Compensation and Employers' Liability.

6. Holling continued to pay its policy premiums and renew its coverages with Sapelo, with the most recent Workers Compensation and Employers' Liability policy being purchased from wholesaler Risk Innovations, LLC, underwritten by the Stonewood Insurance Company ("Stonewood"), and providing $100,000 in coverage for dates May 12, 2017 through May 12, 2018.

7. Upon information and belief, at some point in July 2017 Risk Innovations and/or Stonewood sent notice to Sapelo that Holling's Workers Compensation and Employers' Liability policy would lapse in August 2017 due to alleged non-payment of premiums.

8. Over the next few months, Sapelo represented to Holling on multiple occasions that it had valid, in-force Workers Compensation and Employers' Liability coverage.

9. On August 22, 2017, Sapelo issued a Certificate of Liability Insurance for Holling at the request of Trident Construction LLC, which certificate represented that Holling had Workers Compensation and Employers' Liability coverage in force as of that date.

10. On October 23, 2017, Sapelo issued Certificates of Liability Insurance for Holling at the request of Division Five, Inc., which certificates represented that Holling had Workers Compensation and Employers' Liability coverage in force as of that date.

11. On November 8, 2017, Sapelo issued Certificates of Liability Insurance for Holling at the request of Division Five, Inc., which certificates represented that Holling had Workers Compensation and Employers' Liability coverage in force as of that date.

12. On November 13, 2017, Lisa Ogier of Holling contacted Elke Quinn of Sapelo and asked whether Holling had the coverages listed in a sample Certificate of Liability Insurance, which sample included Workers Compensation and Employers' Liability coverage with limits of $100,000 per accident.

13. Elke Quinn of Sapelo responded to Lisa Ogier of Holling that "Your are Ok except for the Hired & non-Owned auto liability."

14. On December 13, 2017, Sapelo issued a Certificate of Liability Insurance for Holling at the request of Unique Constructors LLC, which certificate represented that Holling had Workers Compensation and Employers' Liability coverage in force as of that date.

15. On December 20, 2017, Sapelo issued a Certificate of Liability Insurance for Holling at the request of CMC Structural, which certificate represented that Holling had Workers Compensation and Employers' Liability coverage in force as of that date.

16. At the time Sapelo made each of these representations, Sapelo knew or should have known that in fact, Holling's Workers Compensation and Employers' Liability coverage had lapsed.

17. On or about December 19 or 20, 2017, Holling learned for the first time that its Workers Compensation and Employers' Liability coverage had lapsed.

18. Holling immediately purchased emergency, high-risk Workers Compensation and Employers' Liability coverage from Sapelo for the sum of $29,000. Holling was able to switch to a more affordable coverage with Amerisafe three (3) weeks later.

19. In January 2018, Holling was notified of a Workers Compensation claim filed by former employee Michael Carter, with an alleged injury date of October 30, 2017.

20. Holling anticipates it will incur costs to defend Mr. Carter's Workers Compensation claim, and may have to pay additional amounts if Mr. Carter's claim proves to be meritorious.

### For a First Cause of Action
### (Negligent Misrepresentation)

21. Holling incorporates all prior allegations as though restated herein verbatim.

22. Sapelo sought out the business of Holling and profited from serving as Holling's insurance agent.

23. Sapelo held itself out as being licensed, professional, and knowledgeable in the insurance field.

24. Sapelo held itself out to Holling as being knowledgeable about Holling's insurance coverage in particular.

25. Sapelo owed Holling a duty of ordinary care to make truthful representations concerning the insurance coverages in effect for Holling.

26. Sapelo made multiple statements contained in certificates of insurance and email to Holling that Holling had in-force Workers Compensation coverage

27. Sapelo's statements that Holling had in-force Workers Compensation coverage were false at the time they were made.

28. Holling was entitled to rely and did in fact rely upon Sapelo's representations about the insurance coverages in effect for Holling.

29. Holling was adversely affected by Sapelo's misrepresentations in that Holling had to incur increased costs of obtaining emergency high-risk Workers Compensation coverage, and Holling had no Workers Compensation coverage in place when one of its employees sustained a workplace injury.

30. As a direct and proximate result of Sapelo's misrepresentations, Holling has sustained damages in an amount to be determined, along with attorney's fees and costs.

## As a Second Cause of Action
### (Breach of Contract)

31. Holling incorporates all prior allegations as though restated herein verbatim.

32. Sapelo and Holling agreed that Sapelo would act as Holling's agent and would charge certain fees in exchange for procuring insurance for Holling's business in accordance with Holling's instructions, and reporting accurately on the coverage in force.

33. Sapelo undertook to procure insurance for Holling in accordance with its instructions and to report to Holling on the coverage in force.

34. Sapelo breached the contract in failing to procure the insurance coverage requested by Holling and report accurately on the coverage in force.

35. As a direct and proximate result of Sapelo's breach, Holling has sustained damages in an amount to be determined, along with attorney's fees and costs.

## As a Third Cause of Action
### (Breach of Fiduciary Duty)

36. Holling incorporates all prior allegations as though restated herein verbatim.

37. Sapelo agreed to act as Holling's agent for procuring insurance and thus owed fiduciary obligations to Holling to represent accurately the coverage Holling had in force and to act in its best interest.

38. Sapelo breached its fiduciary duty to Holling in failing to represent accurately the coverage Holling had in force and in failing to act in its best interest.

39. As a direct and proximate result of Sapelo's breach, Holling has sustained damages in an amount to be determined, along with attorney's fees and costs.

WHEREFORE, Holling prays this Honorable Court for a Judgment against Sapelo in an amount to include the following:

   a) Actual damages in an amount to be determined;

   b) Attorney's fees and costs of this action; and

   c) Such further relief as this Court deems proper.

THE BOSTIC LAW GROUP, P.A.

_____
Christopher M. Ramsey
2236 Ashley Crossing Drive
Charleston, SC 29414
(843) 571-2525
Fax: (843) 571-7050
cramsey@bosticlaw.com
*Attorneys for the Plaintiff*

March 6, 2018

Charleston, South Carolina